**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JENNIFER LYNN LAWRENCE**<br>1000 Beck Street, #251<br>Reno, NV 89509 | )<br>)<br>)<br>) |
| Plaintiff, | ) **No.**<br>)<br>) **JURY TRIAL DEMANDED** |
| v. | )<br>) |
| **DOAR, INC.**<br>1370 Broadway, 15th Floor<br>New York, NY 10018 | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## COMPLAINT

Plaintiff, Jennifer Lynn Lawrence, by and through her undersigned counsel, hereby files this Complaint against Defendant DOAR, Inc. arising from the publication of a tweet which was altered, and falsely attributed language to Plaintiff which was not authored or endorsed by Plaintiff. This false and defamatory publication harmed Plaintiff's personal and/or business reputation, caused her serious emotional distress, embarrassment, loss of income, personal humiliation, loss of life's pleasures and cast Plaintiff in a false light before the public.

### Jurisdiction and Venue

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(2) as complete diversity exists and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

2.      All Defendants are subject to the general personal jurisdiction of this Court which exists pursuant to F.R.C.P 4(k)(1)(A) and Pennsylvania's long-arm statute because their systematic and continuous contacts within the Commonwealth of Pennsylvania render them at home here.

3.     All Defendants are subject to specific personal jurisdiction pursuant to Pennsylvania's long-arm statute because Defendants conduct business within the state and receive revenue from conducting business with Pennsylvania residents.

4.     Venue is proper in this District under 28 U.S.C. § 1391(b) in that Defendants are subject to specific personal jurisdiction as each engages in regular business with Pennsylvania residents and within the Eastern District of Pennsylvania.

## The Parties

5.     Plaintiff Jennifer Lawrence is a citizen and resident of the State of Nevada, who resides at the address set forth hereinabove.

6.     Defendant DOAR, Inc. is a business corporation with its principal place of business at the address set forth hereinabove.

## Facts Common to All Counts

7.     Defendant was retained by the Impeachment Managers for the second impeachment trial of former President Donald J. Trump in the United States Senate. As set forth on Defendant's website, "DOAR was brought in to consult the Impeachment Managers on the development of a visually compelling, video-intensive trial strategy."[1]

8.     As part of Defendant's engagement by the Impeachment Managers, Defendant obtained and published an image of a tweet from Plaintiff's Twitter account which was included in the Impeachment Managers' trial presentation that contained false information and content, *inter alia*, altered to contain a blue verification check mark, altered to have a different profile picture of Plaintiff, and altered to display the date of the tweet as January 3, 2020 when, in fact, the tweet was posted on January 3, 2021 (hereinafter the "tweet").

---

[1] https://www.doar.com/impeachment

9.     Prior to publication of the tweet, neither Defendant nor any of its representatives contacted Plaintiff (or any of her representatives) to check the accuracy of the tweet, including but not limited to its content, text, images and date.

10.     Plaintiff is a private figure and has not sought publicity regarding the issues discussed in the tweet or otherwise.

11.     The tweet is false and defamatory on its face by imputing to Plaintiff images and statements which were not expressed by Plaintiff in the original un-altered tweet, and is therefore false, defamatory and offensive to a reasonable person.

12.     The false and defamatory tweet is available world-wide by simply searching Plaintiff's name, or by searching for the title of articles related to the second impeachment trial, and/or or by viewing other articles related to the same or similar subjects.

13.     The false and defamatory tweet intended to convey, and did convey, to the average person and/or reader *worldwide,* the false and harmful impression that Plaintiff created and endorsed the content of the tweet, as published by Defendant, when in fact the Defendant falsified, altered, and published the tweet *which was never sent or posted by the Plaintiff.*  The tweet was a complete fabrication created by Defendant, in league with such other persons as yet unknown, and with the specific intent to convey a false message to the worldwide intended audience, all to the detriment of Plaintiff.  Accordingly, Plaintiff was harmed by the improper and unauthorized use of the tweet, her image contained therein, and the content thereof.

14.     As a result of the false and defamatory tweet, which has been the subject of commentary in internet, news and/or other publications, Plaintiff has suffered exponentially, personally, and/or professionally, resulting in significant economic damages.

15.     The false and defamatory tweet conveys a series of false and very damaging implications regarding Plaintiff and her beliefs, practices and/or opinions.

16.     The false and defamatory tweet is and can be understood and interpreted by reasonable persons to be assertions of fact, not opinion.

17.     The common usage and meaning of the false and defamatory tweet is likely to give rise to clear, unambiguous factual implications.

18.     The false and defamatory tweet is objectively capable of proof or disproof, and the context in which the false and defamatory tweet was made would lead a reasonable person to believe that the false and defamatory tweet is an assertion of fact, not an expression of opinion.

19.     By publishing this false, defaming, and misleading tweet, Defendant placed Plaintiff in a false light before the world-at-large, in a manner that would be highly offensive to a reasonable person and has caused serious damage to Plaintiff's professional and/or personal reputation.

20.     The publication of this false, defaming, and misleading tweet caused Plaintiff to suffer loss of personal and/or professional reputation, embarrassment, personal humiliation, emotional distress, loss of life's pleasures and other injuries and/or damages.

## COUNT I: Defamation

21.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

22.     Defendant obtained and contributed to the editing and publishing of the false and defamatory tweet, which was published to a wide and varied audience, including but not limited to, all readers and viewers of online and print content and publications regarding the second impeachment trial.

23.     The false and defamatory tweet contains numerous false statements of fact, opinion and/or beliefs not held by Plaintiff, and imputes to Plaintiff statements of fact, opinions and/or beliefs not held by Plaintiff, and is therefore defamatory on its face.

24.     Defendant obtained, edited, published the tweet and/or allowed the tweet to be obtained, edited, and published, without privilege, without any lawful basis and without Plaintiff's consent.

25.     Upon information and belief, Defendant acted with actual malice when it obtained, edited, and published the tweet and/or allowed the tweet to be obtained, edited, and published, either with actual knowledge of the false and defamatory nature thereof, or with reckless or negligent disregard as to the truth or falsity of said tweet.

26.     Upon information and belief, Defendant, acting on its own and/or through its agents, servants, representatives and/or employees, continue to broadcast or publish the false and defamatory tweet, and have made the same available to additional persons throughout the world, including but not limited to all readers and viewers of online and print content and publications regarding the second impeachment trial.

27.     The false and defamatory tweet is defamatory *per se* in that, on its face, it reflects upon Plaintiff's reputation and character in a manner that: 1) injures Plaintiff's reputation and subjects Plaintiff to public hatred, ridicule, shame, or disgrace; and 2) adversely affects Plaintiff's trade, profession and/or business. In the alternative, the false and defamatory tweet is defamatory *per quod* in it is capable of being interpreted as reflecting upon Plaintiff's reputation and/or character in a manner that: 1) injures Plaintiff's reputation and/or exposes Plaintiff to public hatred, ridicule, shame, or disgrace; and 2) adversely affects Plaintiff's trade, profession and/or business.

28.     By obtaining, editing, and publishing the tweet and/or allowing the tweet to be obtained, edited and published, Defendant defamed Plaintiff and proximately caused injury to Plaintiff's personal reputation, professional reputation and/or credibility as a person or otherwise. Specifically, the tweet has caused Plaintiff to suffer damages and harm including, but not limited to, the following:

a. Loss of her personal and professional reputation in the United States, and worldwide;
b. Loss of business opportunities and potential and/or existing customers in the United States and/or worldwide;
c. Limitations in future business prospects in the United States and/or worldwide;
d. Being subjected to unwanted negative attention, negative public attention, and negative reviews;
e. Having dishonesty and immorality imputed to her regarding her personal and professional character, and suggestions that she endorses holds unpopular beliefs and engages in unpopular practices when, in fact, she does not;
f. Being subject to suggestions that she engages in illegal, unethical, or immoral business and/or personal practices; and
g. Emotional distress, embarrassment, mental anguish, and personal humiliation.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, issue injunctive relief, including that Defendant issue a conspicuous retraction and correction of the record, monetary relief in an amount in excess of $75,000.00, or in such greater amount to be proven at trial, pre- and post-judgment interest, and grant such other and further relief that the Court deems appropriate and just under the circumstances.

## COUNT II: False Light Invasion of Privacy

29.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

30.     Defendants obtained and contributed to the editing and publishing of the false and defamatory tweet, which was published to a wide and varied audience, including but not limited

to, all readers and viewers of online and print content and publications regarding the second impeachment trial.

31.    The false and defamatory tweet contains numerous false statements of fact, opinion and/or beliefs not held by Plaintiff, and imputes to Plaintiff statements of fact, opinions and/or beliefs not held by Plaintiff, all of which placed Plaintiff in a false light before the public.

32.    The false and defamatory tweet constitutes false light invasion of privacy in that the same has subjected Plaintiff to unreasonable and highly objectionable publicity by attributing to her characteristics, conduct, practices, endorsements, or beliefs which are false, thereby placing Plaintiff in a false light before the public.

33.    The false light in which Plaintiff has been placed due to the publication of the false and defamatory tweet would be highly offensive to a reasonable person.

34.    Upon information and belief, Defendant acted with either with actual knowledge of the false and defamatory nature of the tweet, or with reckless or negligent disregard as to the truth or falsity of said tweet and the false light in which Plaintiff would be placed.

35.    Defendant obtained, edited, published the tweet and/or allowed the tweet to be obtained, edited, and published, without privilege, without any lawful basis and without Plaintiff's consent.

36.    Upon information and belief, Defendant, acting on its own and/or through its agents, servants, representatives and/or employees, continue to broadcast or publish the false and defamatory tweet, and have made the same available to additional persons throughout the world, including but not limited to all readers and viewers of online and print content and publications regarding the second impeachment trial.

37.     The false and defamatory tweet has placed Plaintiff in a false light before the public in that, on its face, it reflects upon Plaintiff's reputation and character in a manner that: 1) injures Plaintiff's reputation and subjects Plaintiff to public hatred, ridicule, shame, or disgrace; and 2) adversely affects Plaintiff's trade, profession and/or business. In the alternative, the false and defamatory tweet has placed Plaintiff in a false light before the public in that it is capable of being interpreted as reflecting upon Plaintiff's reputation and/or character in a manner that: 1) injures Plaintiff's reputation and/or exposes Plaintiff to public hatred, ridicule, shame or disgrace; and 2) adversely affects Plaintiff's trade, profession and/or business.

38.     By obtaining, editing, and publishing the tweet and/or allowing the tweet to be obtained, edited, and published, Defendant placed Plaintiff in a false light before the public and proximately caused injury to Plaintiff's personal reputation, professional reputation and/or credibility as a person otherwise. Specifically, the tweet has caused Plaintiff to suffer damages and harm including, but not limited to, the following:

> a. Loss of her personal and professional reputation in the United States, and/or worldwide;
> b. Loss of business opportunities and potential and/or existing customers in the United States and/or worldwide;
> c. Limitations in future business prospects in the United States and/or worldwide;
> d. Being subjected to unwanted negative attention, negative public attention, and negative reviews;
> e. Having dishonesty and immorality imputed to her regarding her personal and professional character, and suggestions that she endorses holds unpopular beliefs and engages in unpopular practices when, in fact, she does not;
> f. Being subject to suggestions that she engages in illegal, unethical, or immoral business and personal practices; and
> g. Emotional distress, embarrassment, mental anguish, and personal humiliation.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, issue injunctive relief, including that Defendant issue a conspicuous retraction and correction of the record, monetary relief in an amount in excess of

$75,000.00, or in such greater amount to be proven at trial, pre- and post-judgment interest, and grant such other and further relief that the Court deems appropriate and just under the circumstances.

### COUNT III: Unauthorized Use of Image, Name and/or Likeness

39.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

40.     Defendant obtained and contributed to the editing and publishing of the aforesaid tweet, which was published to a wide and varied audience, including but not limited to, all readers and viewers of online and print content and publications regarding the second impeachment trial.

41.     Defendant obtained, edited, published the tweet and/or allowed the tweet to be obtained, edited, and published, without privilege, without any lawful basis and without Plaintiff's consent.

42.     The aforesaid tweet contains Plaintiff's name, image and/or likeness which has commercial value to Plaintiff or otherwise.

43.     In obtaining, editing, and publishing the tweet and/or allowing the tweet to be obtained, edited, and published, Defendant used Plaintiff's image, name and/or likeness without the written consent of Plaintiff or any agent or representative of Plaintiff.

44.     Upon information and belief, Defendant, acting on its own and/or through its agents, servants, representatives and/or employees, continue to broadcast or publish the tweet containing Plaintiff's name, image and/or likeness, and have made the same available to additional persons throughout the world, including but not limited to all readers and viewers of online and print content and publications regarding the second impeachment trial.

45.     By obtaining, editing, and publishing the tweet containing Plaintiff's name, image and/or likeness without Plaintiff's consent, and/or allowing the tweet containing Plaintiff's name, image and/or likeness to be obtained, edited and published without Plaintiff's consent, Defendant proximately caused injury to Plaintiff's personal reputation, professional reputation and credibility as a person or otherwise. Specifically, the use of Plaintiff's name, image and/or likeness without Plaintiff's consent has caused Plaintiff to suffer damages and harm including, but not limited to, the following:

> a. Loss of her personal and professional reputation in the United States, and/or worldwide;
> b. Loss of business opportunities and potential and/or existing customers in the United States and/or worldwide;
> c. Limitations in future business prospects in the United States and/or worldwide;
> d. Being subjected to unwanted negative attention, negative public attention, and negative reviews;
> e. Having dishonesty and immorality imputed to her regarding her personal and professional character, and suggestions that she endorses holds unpopular beliefs and engages in unpopular practices when, in fact, she does not;
> f. Being subject to suggestions that she engages in illegal, unethical, or immoral business and personal practices; and
> g. Emotional distress, embarrassment, mental anguish, and personal humiliation.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, issue injunctive relief, including that Defendant issue a conspicuous retraction and correction of the record, monetary relief in an amount in excess of $75,000.00, or in such greater amount to be proven at trial, pre- and post-judgment interest, and grant such other and further relief that the Court deems appropriate and just under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and issue an Order:

1) requiring: a) Defendant to print a full retraction of the tweet; and b) requiring Defendant to remove all traces of the false and defamatory tweet;

2) awarding Plaintiff compensatory damages including but not limited to physical and emotional pain and suffering, past economic loss, future economic loss, loss of life's pleasures, embarrassment, humiliation, depression, loss of reputation, loss of promotional opportunity, loss of business and professional opportunity, loss of income and/or revenue and other damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs;

3) awarding reasonable costs and attorney's fees incurred in the prosecution of this action;

4) awarding punitive damages;

5) awarding pre-judgment and post-judgment interest; and

6) granting any other relief that this Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

/s/ Bruce L. Castor, Jr.

Date: 7/22/21                    By: _____

Bruce L. Castor, Jr.
I.D. No. 46370
Michael T. van der Veen
I.D. No. 75616
Attorneys for Plaintiff
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529
E: bcastor@mtvlaw.com