# Ballard Spahr
### LLP

– – – – – – – – – – – – – – – – – – – –
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Elizabeth Seidlin-Bernstein
Tel: 215.988.9774
Fax: 215.864.8999
seidline@ballardspahr.com

August 30, 2021

*By Electronic Filing*

Honorable Petrese B. Tucker
U.S. District Court for the
 Eastern District of Pennsylvania
16613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:    *Lawrence v. DOAR, Inc.*, 21-CV-3269

Dear Judge Tucker:

Our firm represents defendant DOAR, Inc. in the above-referenced action.  We write to respectfully request a stay of DOAR's deadlines to file motions under Federal Rule of Civil Procedure 12(b)(6) and any applicable state anti-SLAPP laws pending a ruling on DOAR's anticipated motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Rules 12(b)(2) and 12(b)(3).

This case arises from the second impeachment trial of former President Donald J. Trump.  It has no connection to Pennsylvania or to the Eastern District of Pennsylvania whatsoever.

DOAR is a New York-based trial consulting firm that worked with the House Impeachment Managers to prepare the exhibits used during the impeachment trial.  Plaintiff Jennifer Lynn Lawrence asserts state-law claims for defamation, false light invasion of privacy, and misappropriation based on the Impeachment Managers' display of a Twitter post by Ms. Lawrence during that trial.  According to the Complaint, Ms. Lawrence's original tweet was altered in ways that she contends were false and defamatory—specifically, she alleges that the tweet was altered to include a blue checkmark indicating that her account on Twitter was verified, to display a different profile picture, and to suggest that the tweet was posted in 2020 instead of 2021.  Ms. Lawrence does not allege that the text of her tweet was changed in any way.

By her own allegations, Ms. Lawrence is a citizen of Nevada.  As Ms. Lawrence also acknowledges, DOAR is a citizen of New York.  All of DOAR's work for the impeachment trial occurred in New York.  The trial itself took place on the Senate floor in Washington, DC.  In short, there is no general jurisdiction over DOAR and no apparent connection

Honorable Petrese B. Tucker
August 30, 2021
Page 2

between this lawsuit and Pennsylvania, other than Ms. Lawrence's choice of counsel, who is located in Philadelphia.  Accordingly, DOAR intends to move to dismiss this action lack of personal jurisdiction and improper venue pursuant to Rules 12(b)(2) and 12(b)(3).  Having waived service of the summons, DOAR's deadline to file such a motion is September 28.

DOAR also believes that this lawsuit is subject to dismissal for failure to state a claim under Rule 12(b)(6) and as a strategic lawsuit against public participation (SLAPP) suit under the anti-SLAPP statutes of Nevada, New York, and/or Washington, DC.  *See* Nev. Rev. Stat. § 41.635 *et seq.*; N.Y. Civ. Rights Law §§ 70-a, 76-a; D.C. Code § 16-5501 *et seq.*  Among other things, DOAR's work for the House Impeachment Managers was subject to an absolute privilege that precludes liability.  However, given the clear-cut issues of jurisdiction and venue in this Court, and the complex choice-of-law questions that substantive motions to dismiss would raise, DOAR believes that it would be most efficient to file an initial motion to dismiss under Rules 12(b)(2) and 12(b)(3) only, while preserving the ability to file substantive motions to dismiss at a later time if necessary.

Accordingly, DOAR respectfully requests that the Court stay its deadlines to file motions under Rule 12(b)(6) and any applicable anti-SLAPP law until 21 days after a ruling is issued on DOAR's motion under Rules 12(b)(2) and 12(b)(3).  A proposed order to that effect is enclosed.  Counsel for Ms. Lawrence opposes this request.

Thank you for your consideration.


Respectfully submitted,

*/s/ Elizabeth Seidlin-Bernstein*

Elizabeth Seidlin-Bernstein


Enclosure

cc:     Bruce L. Castor, Jr.