Exhibit 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jennifer Lynn Lawrence | : | |
| | : | |
| **Plaintiff,** | : | CIVIL ACTION |
| **vs.** | : | |
| | : | |
| **DOAR** | : | NO. 28:1332 |
| **Defendant** | : | |
| | : | |

### PLAINTIFF'S 08 SEPTEMBER 2021 JURISDICTIONAL DISCOVERY REQUESTS TO DEFENDANT

Plaintiff hereby request that Defendant respond to the following discovery requests pursuant to the Rules of Civil Procedure.

### I.    DEFINITIONS

1.    "You" or "your" shall mean the responding defendant, and any of its attorneys, agents, employees, parent, subsidiary or affiliated corporations and/or any entity or person acting or purporting to act on its behalf.

2.    DOAR refers to the defendant DOAR and any of its attorneys, agents, employees, parent, subsidiary or affiliated corporations and/or any entity or person acting or purporting to act on its behalf.

3.    "Plaintiff" shall mean Jennifer Lynn Lawrence, her attorneys, agents, employees, parent, subsidiary or affiliated corporations and/or any entity or person acting or purporting to act on her behalf.

4.    "Document" or "documents" shall have the same definition as set forth in the Pennsylvania Rules of Civil Procedure and shall include all written, printed, electronic,

Van der Veen, Hartshorn
& Levin.
1219 Spruce St.
Philadelphia, PA  19107
215.546.1000
215.592.VLAW (fax)
www.mtvlaw.com

transmitted, or recorded matter and/or thing of any kind, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitations, correspondence, memoranda, notes, diaries, calendars, statistics, letters, email, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations or any sort of conversation, bulletins, computer information, computer printouts, computer hard drives, computer disks, tapes, drives or other electronic means of storage, teletypes, telefax, invoices, tape recording of voicemail messages, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind, including, without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, audiotape, records, motion pictures, and electronic, mechanical or electric records or representations of any kind, including, without limitation, tapes, back up tapes, cassettes, disks and recordings.

5.    "Relating to" (or any of its forms) means concerning, reflecting, constituting, representing, supporting, contradicting, referring to, relevant to, containing information about, stating, describing, analyzing, noting, embodying, containing, mentioning, studying, recording, discussing, evaluating or in any way or manner being logically, legally or factually connected.

6.    "All" shall have its plain meaning and shall also means "every," "any," "each," "every" or other individual or inclusive term and vice versa.

7.    "Person" shall have the same full definition as set forth in the Pennsylvania Rules of Civil Procedure and shall mean individual, partnership, joint venture, firm,

VAN DER VEEN, HARTSHORN
& LEVIN.
1219 SPRUCE ST.
PHILADELPHIA, PA 19107
215.546.1000
215.592.VLAW (FAX)
WWW.MTVLAW.COM

Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332
PLAINTIFF'S 08 SEPTEMBER 2021 DISCOVERY REQUESTS TO DEFENDANT

association, corporation, business, governmental entity, or any other legal or business entity.

## II.    **INSTRUCTIONS**

1.      In answering these discovery requests, you shall furnish all information and documents available to you at the time of answering and upon which you relied to provide these answers, and shall supplement your responses in accordance with the applicable Rules of Civil Procedure.

2.      You are requested to furnish all information in your possession and all information available to you, not merely such information as you know of your own personal knowledge, or from business records, but also all knowledge that is available to you, your employees, officers, and agents, by reason of inquiry, including inquiry of their representatives.

3.      When a natural person is required to be identified, state his name, his address, his current or last known employer and job classification at the time of the events referred to in the Interrogatory or the answer thereto.

4.      When a business organization is required to be identified, state its name, its address, the name and address of each of its agents that acted for it with respect to matters that are relevant to the Interrogatory involved, and its relationship, if any, with you.

5.      Where a document or written communication is required to be identified, with respect to each such document:

> (a).     State the type of document (e.g., letter, financial record, memorandum, telegram, chart, etc.), or some other means of identifying it;

VAN DER VEEN, HARTSHORN
& LEVIN.
1219 SPRUCE ST.
PHILADELPHIA, PA 19107
215.546.1000
215.592.VLAW (FAX)
WWW.MTVLAW.COM

3

Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332
PLAINTIFF'S 08 SEPTEMBER 2021 DISCOVERY REQUESTS TO DEFENDANT

(b).    State the date of the document; if the exact date is unknown, state insofar as possible the approximate date (e.g., "January, 1985"); "second quarter, 1984"); if the date or dates on the face of the document do not indicate the date or dates on which the document was prepared, or is believed to have been prepared, state the correct dates of preparation thereof.

6.    If you object to any discovery request, in whole or in part, state the nature of the objection and the extent to which it applies. An objection to a portion or subpart does not relieve you of your obligation to respond in the remainder of the discovery request.  If you do not answer a discovery request in whole or in part because of a claim of privilege, set forth the privilege claimed; identify the facts upon which you rely to support the claim of privilege; and identify all documents for which such privilege is claimed.  In particular, if you refuse to identify a communication because of a claim of attorney-client privilege, identify the speaker or the author of the communication; the capacity in which the speaker or author was acting when he made the communication; the recipient of the communication; any persons present when the communication was made; persons to whom the communication was disclosed; and the subject or topics discussed in the communication.

7.    If you are unable to answer the following discovery requests completely, answer to the extent possible, specifically, and stating whatever information of knowledge you have concerning the unanswered portion. If the appropriate response to a discovery request or any part thereof is "inapplicable", "none", or "unknown", such shall be stated.

8.    If any information, document or tangible thing relating to any discovery request was at one time in existence, but has been lost, discarded or destroyed, or

VAN DER VEEN, HARTSHORN
& LEVIN,
1219 SPRUCE ST.
PHILADELPHIA, PA 19107
215.546.1000
215.592. VLAW (FAX)
WWW.MTVLAW.COM

4

Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332
PLAINTIFF'S 08 SEPTEMBER 2021 DISCOVERY REQUESTS TO DEFENDANT

otherwise is no longer available, identify such document, information or thing as completely as possible, providing as much of the following information as possible.

      (i)     the type of document, information or thing;

      (ii)    its date;

      (iii)   the date or approximate date it was lost, discarded, destroyed, or otherwise became no longer available;

      (iv)   the circumstances and manner in which it was lost, discarded, destroyed, or otherwise became no longer available;

      (v)    the reasons or reasons for its disposal;

      (vi)   the identity of all persons authorizing or having knowledge of the circumstances surrounding its disposal;

      (vi)   the identity of the person(s) who lost, discarded or destroyed it; and

      (vii)  the identity of all persons having knowledge of the contents or information thereof.

     9.    These discovery requests shall be deemed continuing until the time of trial.

     10.   The following discovery requests should be answered separately and in the space provided below each question, and should be forwarded to Plaintiff's counsel in accordance with all applicable Rules of Civil Procedure.

VAN DER VEEN, HARTSHORN
& LEVIN,
1219 SPRUCE ST.
PHILADELPHIA, PA 19107
215.546.1000
215.592.VLAW (FAX)
WWW.MTVLAW.COM

5

Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332
PLAINTIFF'S 08 SEPTEMBER 2021 DISCOVERY REQUESTS TO DEFENDANT

## **DISCOVERY REQUESTS**

1.      Identify the total number of times that a present or former officer, director, agent, representative, employee or anyone on behalf of the defendant has been physically present in the Commonwealth of Pennsylvania from 1998 to the present for any business purpose.

2.      For each individual identified in Discovery Request No. 1, state the specific business purpose(s) for which the individuals(s) were present in the Commonwealth of Pennsylvania on those date(s).

3.      Please provide all documents relating to the marketing plans of the defendant to obtain clients from the United States.

VAN DER VEEN, HARTSHORN
& LEVIN.
1219 SPRUCE ST.
PHILADELPHIA, PA 19107
215.546.1000
215.592.VLAW (FAX)
WWW.MTVLAW.COM

6

Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332
PLAINTIFF'S 08 SEPTEMBER 2021 DISCOVERY REQUESTS TO DEFENDANT

4.     Please identify how many individuals in Pennsylvania have received any communications, whether electronic, verbal or via the mail (including FedEx, UPS, etc.) from DOAR or any related entity or individual.

5.     Please identify how many individuals in Pennsylvania have received any communications, whether electronic, verbal or via the mail (including FedEx, UPS, etc.) from DOAR or any related entity or individual.

6.     Please identify and produce all communications between the plaintiff and defendant.

VAN DER VEEN, HARTSHORN
& LEVIN,
1219 SPRUCE ST.
PHILADELPHIA, PA 19107
215.546.1000
215.592.VLAW (FAX)
WWW.MTVLAW.COM

Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332
PLAINTIFF'S 08 SEPTEMBER 2021 DISCOVERY REQUESTS TO DEFENDANT

7.     Identify each time that the defendant, or their agents, servants, employees or representatives sent or delivered any direct mailings, advertising, marketing or any other written materials or documents of any kind to any individual, entity and/or business in the Commonwealth of Pennsylvania from 1989 to the present; this discovery request includes, but is not limited to direct mailings, customer contact letters, letters of solicitation, electronically transmitted messages or communications, updates, and sales and marketing brochures.

8.     With respect to your answers to Discovery Request No. 7, identify the date and subject matter of the documents.

9.     Identify, from 1989 to the present, all individuals, entities, and/or businesses within the Commonwealth of Pennsylvania with whom defendant or its agents, representatives, or contractors have conducted any business.

VAN DER VEEN, HARTSHORN
& LEVIN.
1219 SPRUCE ST.
PHILADELPHIA, PA 19107
215.546.1000
215.592.VLAW (FAX)
WWW.MHVLAW.COM

8

Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332
PLAINTIFF'S 08 SEPTEMBER 2021 DISCOVERY REQUESTS TO DEFENDANT

10.     For all of those individuals of the Commonwealth of Pennsylvania with whom the defendant has done business, state whether the defendant has sent or mailed, via post or electronically, any documents or materials into the Commonwealth of Pennsylvania as a result thereof.

11.     State the gross amount of revenues or billings derived by the defendant for business done in or with Pennsylvania individuals, entities or businesses from 1989 to the present.

12.     State the gross amount of revenues or billings derived by the defendant for business done in or with any United Stated based individuals, entities or businesses from 1989 to the present.

VAN DER VEEN, HARTSHORN
& LEVIN.
1219 SPRUCE ST.
PHILADELPHIA, PA 19107
215.546.1000
215.592.VLAW (FAX)
WWW.MTVLAW.COM

9

13.     Identify each and every time the Defendant has advertised in any matter in any trade publication which is sold or distributed nationwide, including the Commonwealth of Pennsylvania, from 1989 to the present; please identify the name of each such trade publication.

14.     State each and every time and identify, by name and address, all travel agencies, tour operators, or anyone involved in acting as an intermediary for travel services located in Pennsylvania with whom Defendant has done business or made or received a business inquiry from 1989 to the present.

15.     Identify and describe each and every business record maintained by the Defendant that would indicate or describe the volume and/or dollar amount of business transacted in each state and all of the various states in which the Defendant has done business, including those documents which specifically relate to the gross volume and/or dollar amount of such business for Pennsylvania.

VAN DER VEEN, HARTSHORN
& LEVIN,
1219 SPRUCE ST.
PHILADELPHIA, PA 19107
215.546.1000
215.592.VLAW (FAX)
WWW.MTVLAW.COM

10

Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332
PLAINTIFF'S 08 SEPTEMBER 2021 DISCOVERY REQUESTS TO DEFENDANT

16.     State whether Defendant maintains a mailing (electronic or via mail) or customer list and state the total of individuals or entities included in the mailings (electronic or via mail) or customer list including the numbers who are residents of Pennsylvania.

17.     Describe in detail the business of DOAR.

18.     Identify the total number of customers of the Defendant in or from the Commonwealth of Pennsylvania, and what percentage of the Defendant's United States business is made up of customers from Pennsylvania.

19.     Please identify and provide all documents which support your response to discovery request #18.

Van der Veen, Hartshorn
& Levin.
1219 Spruce St.
Philadelphia, PA 19107
215.546.1000
215.592.VLAW (fax)
www.mtvlaw.com

11

20.     State the dollar value or amount of all revenue generated by the Defendant on an annual basis from 1989 to the present with regard to business done in or with Pennsylvania customers.

21.     State the dollar value or amount of all revenue generated by the Defendant on an annual basis from 1989 to the present involving business done in each of the fifty (50) United States.

22.     Describe in detail each and every advertising placed Defendant in any publication sent to or prepared in Pennsylvania.

VAN DER VEEN, HARTSHORN
& LEVIN,
1219 SPRUCE ST.
PHILADELPHIA, PA 19107
215.546.1000
215.592.VLAW (FAX)
WWW.MTVLAW.COM

Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332
PLAINTIFF'S 08 SEPTEMBER 2021 DISCOVERY REQUESTS TO DEFENDANT

**Van der Veen, Hartshorn & Levin**


BY:   /s/Bruce L. Castor Jr.
          Bruce L. Castor, Jr.
          1219 Spruce Street
          Philadelphia, PA 19107
          215.546.1000
          215.546.VLAW (fax)
          Attorneys for Plaintiff

Dated:  08 September 2021

VAN DER VEEN, HARTSHORN
& LEVIN,
1219 SPRUCE ST.
PHILADELPHIA, PA 19107
215.546.1000
215.592.VLAW (FAX)
WWW.MTVLAW.COM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies I e-mailed Plaintiff's 08 September 2021 Jurisdictional Discovery Requests to Defendant the evening of 08 September 2021, and intend to send via regular mail on 09 September 2021 to defense counsel listed below:

Elizabeth Seidlin-Bernstein, Esquire
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Seidline@ballardspahr.com
**Attorney for DOAR**

**Van der Veen Hartshorn & Levin**

BY:   /s/   Bruce L. Castor Jr.
BRUCE L. CASTOR, JR.

Date:  08 September 2021

VAN DER VEEN, HARTSHORN
& LEVIN.
1219 SPRUCE ST.
PHILADELPHIA, PA  19107
215.546.1000
215.592.VLAW (FAX)
WWW.MHVLAW.COM