IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **JENNIFER LYNN LAWRENCE,** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **DOAR, INC.** : <br> : <br> **Defendant.** : <br> : | **Civil Action No.: 2:21-cv-03269** |

## DECLARATION OF PAUL NEALE

I, Paul Neale, pursuant to 28 U.S.C. § 1746, state as follows:

1. I am the Chief Executive Officer of DOAR, Inc. ("DOAR").

2. I submit this Declaration in support of DOAR's Motion to Dismiss Complaint for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim and Motion to Dismiss Pursuant to the Anti-SLAPP Law of New York or, in the Alternative, Nevada.

3. DOAR (formerly DOAR Communications, Inc.) is a trial consulting firm incorporated under the laws of the State of New York and registered with the New York Department of State.

4. DOAR principally operates out of its New York headquarters located at 1370 Broadway, 15th Floor New York, NY 10018. The firm also conducts some business from its office in Los Angeles, located at 448 S. Hill Street, 7th Floor, Los Angeles, CA 90013. DOAR does not have and never has had offices in Pennsylvania.

5. As a trial consulting firm, DOAR advises attorneys and their clients on cases throughout the United States. Despite its nationwide reach, during its 33-year history, DOAR has had very limited contact with Pennsylvania.

6. DOAR has never registered with the Pennsylvania Secretary of State in order to conduct business in Pennsylvania.

7. DOAR has never filed a corporate tax return in Pennsylvania.

8. In the past five years, DOAR has not conducted any of its trial consulting work in Pennsylvania.

9. In the past five years, DOAR has not advertised in Pennsylvania.

10. The last time DOAR had a client based in Pennsylvania was in 2016, when the firm provided consulting services in connection with a criminal case venued in the United States District Court for the Southern District of California. One of the defendants resided in Pennsylvania at that time and paid $49,947 to DOAR for its services, which constituted less than 0.1% of DOAR's total revenue that year. DOAR has not had a client based in Pennsylvania since that matter.

11. In January 2021, DOAR was retained to assist the House Impeachment Managers in the second impeachment trial of former President Donald Trump. DOAR's role was to consult with the House Impeachment Managers on the development of a visually compelling trial strategy.

12. All of DOAR's work for the second impeachment trial, including the preparation of the trial exhibit that is at issue in this lawsuit, was conducted in New York and was done *pro bono*.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 28, 2021.

_____
Paul Neale