## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER LYNN LAWRENCE | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | **2:21-cv-03269** |
| | : | |
| DOAR, INC. | : | |
| | : | |
| **Defendant.** | : | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

The Plaintiff, Jennifer Lynn Lawrence, by and through her undersigned counsel, denies the contentions set forth in Defendant's Motion Dismiss Complaint, and hereby requests that this Honorable Court enter the attached Order denying Defendant's Motion and granting Plaintiff the relief requested therein. Plaintiff's Response is supported by her Memorandum of Law, attached hereto, and incorporated herein by reference as if set forth herein at length.

Respectfully Submitted,

DATE: 10/11/2021

BY: /s/ Bruce L. Castor, Jr.
Bruce L Castor, Jr.
I.D. No. 46370
Attorney for Plaintiff
1219 Spruce Street
Philadelphia, PA 19107
P: 215-546-1000
F: 215-546-8529
E: bcastor@mtvlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JENNIFER LYNN LAWRENCE** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **2:21-cv-03269** |
| | : | |
| **DOAR, INC.** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS COMPLAINT**

## I.    INTRODUCTION

The Plaintiff, Jennifer Lynn Lawrence, hereby opposes Defendant's Motion to Dismiss Complaint and submits this Memorandum of Law in support of her opposition. For the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court enter an order denying Defendant's Motion to Dismiss Complaint and affording Plaintiff the relief requested therein.

## II.    COUNTERSTATEMENT OF THE FACTS

Plaintiff incorporates herein by reference the factual averments set forth in Plaintiff's Complaint as if set forth herein at length, in support of Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint.

## III.    ARGUMENT

### A. This Court has Personal Jurisdiction over Defendant.

The burden of establishing personal jurisdiction lies with the Plaintiff. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir.1992). The Court must accept all of Plaintiff's allegations as true and construe disputed facts in Plaintiff's favor. *Id.* at 142, n. 1. Pursuant to Rule 4(k) of the Federal Rules of Civil Procedure, "a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the

law of that state." *See Provident Nat'l Bank v. California Federal Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.1987); Fed.R.Civ.P. 4(k)(1)(A).

In Pennsylvania, state law provides for jurisdiction "to the fullest extent allowed under the Constitution of the United States" and "based on the most minimum contact with [the] Commonwealth allowed under the Constitution of the United States." 42 Pa. C.S.A. § 5322(b). *See also Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). "Accordingly, in determining whether personal jurisdiction exists, we ask whether, under the Due Process Clause, the defendant has 'certain minimum contacts with ... [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

General Jurisdiction can be established over Defendant in Pennsylvania. By its own admission, Defendant conducts business throughout the United States and has conducted business in Pennsylvania. *See* Declaration of Paul Neale, Doc. 8-7 attached to Defendant's Motion. This contact with Pennsylvania is sufficient to satisfy the minimum contacts with Plaintiff's chosen forum as required by the U.S. Constitution and the laws of Pennsylvania.

Additionally, Specific Jurisdiction can be established over Defendant in Pennsylvania. To determine whether specific jurisdiction exists, 1) the defendant must have "purposefully directed [its] activities" at the forum, 2) the litigation must "arise out of or relate to" at least one of those activities, and 3) if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).

Here, as part of Defendant's engagement by the Impeachment Managers, Defendant obtained and published a manufactured image purporting to be a "tweet" from Plaintiff's Twitter

3

account which was included in the Impeachment Managers' trial presentation that contained false information and content, in that, *inter alia*, the tweet was altered to contain a blue verification check mark, altered to have a different profile picture of Plaintiff, and altered to display the date of the tweet as January 3, 2020 when, in fact, the tweet was posted on January 3, 2021. This manufactured tweet appeared on the pages of *The New York Times*, and was televised nationally and internationally, and specifically directed to individuals residing in each and every U.S. State, including Pennsylvania.

This litigation clearly arises out of this activity by Defendant, in that Plaintiff is pursuing claims against Defendant for Defamation, False Light Invasion of Privacy and Unauthorized Use of Image, Name and/or Likeness specifically related to and as a result of Defendant's use and manipulation of the tweet as part of the presentation it prepared for use during the Impeachment Trial.

Further, given that the presentation prepared by Defendants was televised nationwide and viewed by individuals residing in every U.S. State, including Pennsylvania, this Court's exercise of jurisdiction comports with notions of fair play and substantial justice such that Defendant could reasonably anticipate being hauled into court in Pennsylvania as a result of its conduct related to the Impeachment Trial. *See World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Based on the foregoing, it is proper for this Court to exercise jurisdiction over Defendant based upon either general personal jurisdiction or specific personal jurisdiction. Accordingly, this Court should deny Defendant's Motion to Dismiss and allow Plaintiff's action to proceed on the merits.

**B. Jurisdictional Discovery Would Not be Futile.**

As a general rule, jurisdictional discovery is allowed unless the claim of jurisdiction is "clearly frivolous." *LaSala v. Marfin Popular Bank Pub. Co.,* 410 F. App'x 474, 478 (3d Cir. 2011). "In order to demonstrate that the claim is not clearly frivolous, the plaintiff must "present [] factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state." *Id*.

As set forth hereinabove, Plaintiff's claims of jurisdiction are meritorious and are not frivolous. Plaintiff does not merely allege that Defendant conducts business in Pennsylvania. Defendant admits that it conducts business throughout the United States and has conducted business in Pennsylvania. *See* Declaration of Paul Neale, Doc. 8-7 attached to Defendant's Motion. Further, given that the presentation to which Plaintiff's claims relate was televised nationwide and viewed by individuals residing in every U.S. State, including Pennsylvania, there is no doubt that a connection exists between the claims at issue, the forum state and the parties in this action.

This contact with Pennsylvania as described hereinabove is sufficient to demonstrate the possible existence between Defendant and Pennsylvania of the requisite contacts necessary to allow this Court to exercise jurisdiction over Defendant. As a result, it is appropriate to engage in jurisdictional discovery in this matter and this Court should allow the same to proceed immediately and expeditiously.  Plaintiff believes and therefore avers that Defendant has done extensive business in Pennsylvania and has sought and continues to seek clients located in Pennsylvania.  A cursory view of Defendant's website makes plain that Defendant considers itself a national company marketing to clients in *every* U.S. state.

In furtherance of Plaintiff's efforts to meet her burden as to jurisdiction, Plaintiff served jurisdictional discovery requests upon Defendant on September 8, 2021. Since thirty days have passed without a response from Defendant, this Court should direct Defendants to provide a response to the same. Plaintiff anticipates that the information and documents provided with Defendant's response, as well as depositions of Defendant's designee(s), will result in additional facts which will support the exercise of jurisdiction in this matter, including but not limited to the fact that Defendant actively seeks to do business in Pennsylvania, enjoys a national presence relative to its field of work, and has on numerous occasions conducted business in Pennsylvania.

Based on the foregoing, this Honorable Court should permit and direct that jurisdictional discovery proceed and be completed in this matter prior to rendering its decision on Defendant's Motion to Dismiss. Accordingly, this Court should deny Defendant's Motion to Dismiss and allow Plaintiff's action to proceed on the merits.

### C. Venue is Proper in the Eastern District of Pennsylvania.

A civil action may be brought in any district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). "The moving party has the burden of proving improper venue." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). The nature of the dispute must be considered in order to assess whether events or omissions giving rise to the claims are substantial. *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994).

Here, given that the presentation prepared by Defendants was televised nationwide and viewed by individuals residing in every U.S. State, including Pennsylvania, a substantial part of the occurrences underlying Plaintiff's claims occurred in Pennsylvania, necessarily resulting in injury to Plaintiff in Pennsylvania in the form of ridicule, scorn and/or monetary damages. When

considering the nature of the dispute and Plaintiff's claims against Defendant for Defamation, False Light Invasion of Privacy and Unauthorized Use of Image, Name and/or Likeness, venue is appropriate in the Eastern District of Pennsylvania.

Based on the foregoing, venue is proper in the Eastern District of Pennsylvania. Accordingly, this Court should deny Defendant's Motion to Dismiss and allow Plaintiff's action to proceed on the merits.

**D. Defendant does not enjoy Immunity for its Communications.**

The Speech or Debate Clause does not protect Defendant from the imposition of liability for its publication of false information and content, namely the tweet which is the subject of this action. "The Speech or Debate Clause was designed to assure a co-equal branch of the government wide freedom of speech, debate, and deliberation without intimidation or threats from the Executive Branch." *Gravel v. United States*, 408 U.S. 606, 616, 92 S. Ct. 2614, 2622, 33 L. Ed. 2d 583 (1972). Plaintiff, a private citizen, is not a member of the Executive Branch and thus her private civil claims are not within the purview of the Speech or Debate Clause. Furthermore, Defendant is not a member of Congress, nor acting to carry out any Congressional mandate.  No aspect of the immunity conferred by the Speech and Debate Clause applies to Defendant because no purpose of the Speech and Debate Clause is advanced by granting its immunity to this Defendant.  Defendant performed an administrative act in a grossly negligent manner and is undeserving of even qualified immunity much less the absolute immunity conferred by the Speech and Debate Clause designed to allow for robust debate by members of Congress on matters facing the Republic.  The Speech and Debate Clause is not designed to protect private consultants, like Defendant, acting effectively as technicians, and doing so with such inattention to precision and the truth by manufacturing false evidence that those Members

7

of Congress for whom the Speech and Debate Clause truly is designed invite reliance on faked evidence in a Presidential Impeachment case.  Not only did Defendant's inattention to detail in creating evidence cause damage to Plaintiff, the exposure of the faked piece of evidence called into disrepute the entire case presented by the House Managers against the 45th President of the United States.  If this portion of the House Managers' case was indisputable shown to be the result of manufactured evidence, made to appear legitimate by Defendant, one must consider that the entirety of the House Managers' evidentiary presentation became suspect as to accuracy. Surely, the Speech and Debate Clause cannot protect Defendant's conduct here.

Even if the Speech or Debate Clause applies, it only protects Members of Congress and their aides or assistants. Id., at 616-17. Defendant was retained by the House Impeachment Managers not as an aide or assistant, but a third-party trial consultant which performed work that is not a normal part of the legislative process, and of which Plaintiff complains in this action. This case is more akin to that of *Dombrowski v. Eastland*, 387 U.S. 82, 84 (1967), in which the counsel to a legislative committee was not afforded protection for actions that impacted the individual rights of a private citizen. The cases of *Kilbourn v. Thompson*, 103 U.S. 168, 204, (1881) and *Powell v. McCormack*, 395 U.S. 486 (1969) similarly addressed cases where immunity was determined to be unavailable because the person who sought to rely upon it engaged in illegal conduct that was not entitled to Speech or Debate Clause protection.

Similarly, Defendant is not entitled to any liability protection under the absolute judicial privilege which protects statements made in the context of judicial or quasi-judicial proceedings. "The privilege covers statements by a party, a witness, an attorney, or a judge" in judicial proceedings. *Schanne v. Addis*, 121 A.3d 942, 947 (Pa. 2015). Defendant is neither a party, witness, attorney, or judge in the context of the second Impeachment Trial, which was not a

judicial proceeding.

Since the second Impeachment Trial is alleged to be a quasi-judicial proceeding, whether a privilege applies must be considered in the context of such a proceeding, as opposed to a purely judicial proceeding. "In order to determine whether an individual is entitled to quasi-judicial immunity, we must first examine the nature of the actions complained of to ascertain whether they were performed within the quasi-judicial adjudicatory function." *Pollina v. Dishong*, 98 A.3d 613, 621 (Pa. Super. 2014). In *Pollina*, the Court determined that the investigation and analysis by a consultant for the Bureau of Program Integrity did not qualify as a quasi-judicial function which entitled him to immunity, since the investigation and analysis was not part of the adjudicatory process or function which would invoke the application of quasi-judicial immunity. *Id.* at 621-624.

Here, the conduct of Defendant which forms the basis of Plaintiff's Complaint concerns the work performed by Defendant for the House Impeachment Managers as part of the investigation, analysis, and preparation for the second Impeachment Trial, as opposed to the adjudicatory function of the Senate sitting as a jury to consider the evidence presented by the House Impeachment Managers. As a result, Defendant is not entitled to immunity flowing from an absolute privilege arising in the context of a judicial or quasi-judicial proceeding.

Based on the foregoing, Defendant is not entitled to any form of immunity under either the Speech or Debate Clause, a judicial privilege or quasi-judicial privilege. Accordingly, this Court should deny Defendant's Motion to Dismiss and allow Plaintiff's action to proceed on the merits.

## IV.   **<u>CONCLUSION</u>**

Accordingly, for the foregoing reasons, Plaintiff respectfully requests that this Honorable

Court deny Defendant's Motion to Dismiss and enter an Order in accordance with Plaintiff's

requested relief.

<div style="margin-left: 40%;">

Respectfully Submitted,

</div>

DATE: 10/11/2021                  BY: <u>/s/ Bruce L. Castor, Jr.</u>
                                                Bruce L Castor, Jr.
                                                I.D. No. 46370
  Attorney for Plaintiff
  1219 Spruce Street
  Philadelphia, PA 19107
  P: 215-546-1000
  F: 215-546-8529
  E: bcastor@mtvlaw.com