## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jennifer Lynn Lawrence | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| DOAR, Inc. | : | NO. 2:21-cv-03269 |
| Defendant | : | |

### PLAINTIFF'S MOTION TO COMPEL

Plaintiff hereby moves to compel discovery responses from Defendant DOAR, Inc. ("DOAR"), in response to Plaintiff's jurisdictional discovery requests directed at DOAR dated September 8, 2021 (DOAR Jurisdictional Discovery Requests to Defendant). Defendant has so far ignored Plaintiff's requests for jurisdictional discovery.

Under F.R.C.P. 37(a)(3)(B)(iii) and (iv), a party may move for an order compelling a response if another party failed to answer an interrogatory or, respectively, failed to permit inspection of documents. The DOAR Jurisdictional Discovery included interrogatories and requests to produce documents.

Because DOAR has not complied with its discovery obligations, Plaintiff must now file a motion to compel, thus increasing the amount of time required to complete jurisdictional discovery. Plaintiff has worked diligently to serve jurisdictional discovery on DOAR, and to prepare this Motion.

### JURISDICTIONAL ISSUES

Because the pending discovery is for jurisdictional issues, a brief review of the jurisdictional issues helps show why Plaintiff's requested discovery is necessary. Personal jurisdiction may be either general or specific. An appropriate forum for

VEEN, HARTSHORN
& LEVIN.
19 SPRUCE ST.
ELPHIA, PA 19107
215.546.1000
92.VLAW (FAX)
V.MTVLAW.COM

the exercise of general jurisdiction over a corporation will include  its place of incorporation  or its principal place of business,  *see Goodyear  Dunlop Tires Operations,  S.A.  v.  Brown,* 131 S.Ct. 2846, 2854 (2011), or a corporation may do sufficient business within a state to allow the state to assert general jurisdiction over it. *See id.* at 2856.  Based on the Court's order on the Motions to Dismiss, Plaintiff is entitled to seek discovery regarding DOAR's business in Pennsylvania.

In addition to general jurisdiction, Plaintiff contends that the Court has specific jurisdiction over DOAR.  Specific personal jurisdiction exists when a defendant has purposefully directed activities at residents of the forum, and the litigation results from injuries that arise out of or relate to those activities.  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462,472 (1985). A defendant's intentional and allegedly tortious out-of-state activity, if expressly aimed at the forum state, may establish specific personal jurisdiction. *See Calder v.Jones,* 465 U.S. 783, 789 (1984); *accord in re Terrorist Attacks,* 714 F.3d 659,674 (2d Cir. 2013). In the present case, Plaintiff alleges Defendant's intent was to defame her everywhere in the United States including in Pennsylvania, and Plaintiff seeks to prove in discovery Defendant's past intentional efforts directed at influencing people of the Commonwealth. The gravamen of Defendant's tortious conduct is it specifically expected the falsehoods it perpetrated against Plaintiff to poison her reputation to a national and international audience. For both general and specific jurisdiction, Plaintiff must be allowed to obtain sufficient information for the Court to be able to evaluate the totality of the circumstances. *Chloe v. Queen Bee of Beverly Hills, LLC,* 616 F.3d 158, 164 (2d Cir. 2010)  Defendant claims insufficient contacts within

VEEN, HARTSHORN
& LEVIN.
19 SPRUCE ST.
DELPHIA, PA  19107
15.546.1000
92.VLAW (FAX)
V.MTVLAW.COM

_____
Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332

Pennsylvania to allow for this Court to have jurisdiction.  Plaintiff does not believe that and demanded Defendant produce evidence of its lack of contacts to the Commonwealth (where it markets extensively throughout the country according to its website and boasts of its prowess in the recent impeachment trial which it knew would be televised worldwide), and it has ignored request to substantiate its lack of contacts to Pennsylvania.

The information provided to the Court by both parties concerning the presence or absence of contacts between DOAR and the forum state is sparse, and the plaintiffs have requested jurisdictional discovery precisely to flesh out the issue.

Accordingly, Plaintiff requests the opportunity to discover information regarding DOAR's connection to the Commonwealth of Pennsylvania, and how such connections relate to DOAR's alleged tortious conduct.

<u>DISCOVERY TO BE COMPILED</u>

Plaintiff seeks an order compelling sufficient responses to the following interrogatories and requests to produce.

<u>Interrogatory 1:</u> Identify the total number of times that a present or former officer, director, agent, representative, employee or anyone on behalf of the defendant has been physically present in the Commonwealth of Pennsylvania from 1998 to the present for any business purpose.

<u>BASIS TO COMPEL:</u> This business information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the

VEEN, HARTSHORN
& LEVIN.
19 SPRUCE ST.
ELPHIA, PA  19107
15.546.1000
92.VLAW (FAX)
V.MTVLAW.COM

Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332

Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

Interrogatory 2: For each individual identified in Discovery Request No. 1, state the specific business purpose(s) for which the individuals(s) were present in the Commonwealth of Pennsylvania on those date(s).

BASIS TO COMPEL: This business information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

Interrogatory 3: Please provide all documents relating to the marketing plans of the Defendant to obtain clients from the United States.

BASIS TO COMPEL: This business information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

Interrogatory 4: Pease identify how many individuals in Pennsylvania have received any communications, whether electronic, verbal or via the mail (including FedEx, UPS, etc.) from DOAR or any related entity or individual.

VEEN, HARTSHORN
& LEVIN.
19 SPRUCE ST.
ELPHIA, PA  19107
15.546.1000
92.VLAW (FAX)
V.MTVLAW.COM

_____
Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332

BASIS TO COMPEL: This business information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

Interrogatory 7:  Identify each time that the defendant, or their agents, servants, employees or representatives sent or delivered any direct mailings, advertising, marketing or any other written materials or documents of any kind to any individual, entity and/or business in the Commonwealth of Pennsylvania from 1989 to the present; this discovery request includes, but is not limited to direct mailings, customer contact letters, letters of solicitation, electronically transmitted messages or communications, updates, and sales and marketing brochures.

BASIS TO COMPEL:  This marketing information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

Interrogatory 8:  With respect to your answers to Discovery Request No. 7, identify the date and subject matter of the documents.

VEEN, HARTSHORN
& LEVIN.
19 SPRUCE ST.
DELPHIA, PA  19107
215.546.1000
092.VLAW (FAX)
V.MTVLAW.COM

_____
Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332

<u>BASIS TO COMPEL:</u> This marketing information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

<u>Interrogatory 9</u>: Identify, from 1989 to the present, all individuals, entities, and/or businesses within the Commonwealth of Pennsylvania with whom defendant or its agents, representatives, or contractors have conducted any business.

<u>BASIS TO COMPEL:</u> This business information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

<u>Interrogatory 10</u>: For all of those individuals of the Commonwealth of Pennsylvania with whom the defendant has done business, state whether the defendant has sent or mailed, via post or electronically, any documents or materials into the Commonwealth of Pennsylvania as a result thereof.

<u>BASIS TO COMPEL:</u> This business information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

VEEN, HARTSHORN
& LEVIN.
19 SPRUCE ST.
ELPHIA, PA  19107
15.546.1000
92.VLAW (FAX)
V.MTVLAW.COM

_____
Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332

<u>Interrogatory 11:</u> State the gross amount of revenues or billings derived by the Defendant for business done in or with Pennsylvania individuals, entities or businesses from 1989 to the present.

<u>BASIS TO COMPEL:</u> This financial information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

<u>Interrogatory 12:</u> State the gross amount of revenues or billings derived by the Defendant for business done in or with any United Stated based individuals, entities or businesses from 1989 to the present.

<u>BASIS TO COMPEL:</u> This financial information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

<u>Interrogatory 13:</u> Identify each and every time the Defendant has advertised in any matter in any trade publication which is sold or distributed nationwide, including the Commonwealth of Pennsylvania, from 1989 to the present; please identify the name of each such trade publication.

VEEN, HARTSHORN
& LEVIN.
19 SPRUCE ST.
ELPHIA, PA 19107
215.546.1000
92.VLAW (FAX)
V.MTVLAW.COM

_____
**Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332**

BASIS TO COMPEL:  This marketing information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.  This would include electronic forms of advertising over email or the internet.

Interrogatory 14: State each and every time and identify, by name and address, all travel agencies, tour operators, or anyone involved in acting as an intermediary for travel services located in Pennsylvania with whom Defendant has done business or made or received a business inquiry from 1989 to the present.

BASIS TO COMPEL: This business information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

Interrogatory 15: Identify and describe each and every business record maintained by the Defendant that would indicate or describe the volume and/or dollar amount of business transacted in each state and all of the various states in which the Defendant has done business, including those documents which specifically relate to the gross volume and/or dollar amount of such business for Pennsylvania.

VEEN, HARTSHORN
& LEVIN.
19 SPRUCE ST.
DELPHIA, PA  19107
215.546.1000
992.VLAW (FAX)
V.MTVLAW.COM

_____
Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332

BASIS TO COMPEL: This business information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

Interrogatory 16: State whether Defendant maintains a mailing (electronic or via mail) or customer list and state the total of individuals or entities included in the mailings (electronic or via mail) or customer list including the numbers who are residents of Pennsylvania.

BASIS TO COMPEL: This business information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

Interrogatory 18: Identify the total number of customers of the Defendant in or from the Commonwealth of Pennsylvania, and what percentage of the Defendant's United States business is made up of customers from Pennsylvania.

BASIS TO COMPEL: This business information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

VEEN, HARTSHORN
& LEVIN.
19 SPRUCE ST.
DELPHIA, PA  19107
215.546.1000
092.VLAW (FAX)
V.MTVLAW.COM

_____
Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332

Interrogatory 19: Please identify and provide all documents which support your response to discovery request #18.

BASIS TO COMPEL: This business information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

Interrogatory 20: State the dollar value or amount of all revenue generated by the Defendant on an annual basis from 1989 to the present with regard to business done in or with Pennsylvania customers.

BASIS TO COMPEL: This financial information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

Interrogatory 21: State the dollar value or amount of all revenue generated by the Defendant on annual basis from 1989 to the present involving business done in each of the fifty (50) United States.

VEEN, HARTSHORN
& LEVIN.
19 SPRUCE ST.
ELPHIA, PA  19107
15.546.1000
92.VLAW (FAX)
V.MTVLAW.COM

_____
Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332

<u>BASIS TO COMPEL:</u> This financial information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

<u>Interrogatory 22:</u> Describe in detail each and every advertising placed Defendant in any publication sent to or prepared in Pennsylvania.

<u>BASIS TO COMPEL:</u> This marketing information is directly relevant and necessary to fully establish whether or not DOAR has a sufficient connection to the Commonwealth of Pennsylvania to avail itself of its jurisdiction and is therefore crucial to the present jurisdictional debate.

**Van der Veen, Hartshorn & Levin**

BY:    /s/Bruce L. Castor Jr.

       Bruce L. Castor, Jr.

       1219 Spruce Street

       Philadelphia, PA 19107

       215.546.1000

       215.546.VLAW (fax)

Dated: 30 November 2021       Attorneys for Plaintiff

VEEN, HARTSHORN
& LEVIN.
19 SPRUCE ST.
ELPHIA, PA  19107
215.546.1000
92.VLAW (FAX)
V.MTYLAW.COM

Jennifer Lynn Lawrence v. DOAR, U.S.D.C. for Eastern District of PA, No. 1332

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies I electronically filed Plaintiff's Motion to Compel Discovery Responses on 30 November 2021, and intend to send via regular mail on the same day to defense counsel listed below:

Elizabeth Seidlin-Bernstein, Esquire

Ballard Spahr LLP

1735 Market Street, 51st Floor

Philadelphia, PA  19103-7599

Seidline@ballardspahr.com

**Attorney for DOAR**

**Van der Veen Hartshorn & Levin**


BY:     /s/    Bruce L. Castor Jr.

BRUCE L. CASTOR, JR.


Date:   30 November 2021

VEEN, HARTSHORN
& LEVIN.
19 SPRUCE ST.
DELPHIA, PA  19107
215.546.1000
92.VLAW (FAX)
W.MTVLAW.COM