IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                        :
JENNIFER LYNN LAWRENCE,                  :
                                        :
          Plaintiff,                     :
                                        :
          v.                             :        Civil Action No.: 2:21-cv-03269
                                        :
DOAR, INC.,                              :
                                        :
          Defendant.                     :
_____ :

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant DOAR, Inc. respectfully requests that the Motion to Compel filed by Plaintiff

Jennifer Lynn Lawrence ("Mot.," Dkt. 13) be denied.  That Motion has needlessly multiplied the

proceedings in this meritless litigation.   It should be denied on several grounds:

1.      Discovery has not commenced in this case.  Under the Federal Rules of Civil

Procedure, a "party may not seek discovery from any source before the parties have conferred as

required by Rule 26(f)."  Fed. R. Civ. P. 26(d)(1).  No Rule 26(f) conference has taken place.

Indeed, under this Court's individual rules, the parties are not required to hold a Rule 26(f)

conference while DOAR's Motion to Dismiss (Dkt. 8) is pending.  *See* Fed. R. Civ. P. 26(f)(1)

(parties must hold Rule 26(f) conference at least 21 days before Rule 16 conference); Hon.

Petrese B. Tucker, Pretrial Procedures ¶ 1 ("Judge Tucker regularly schedules an in-person initial

pretrial conference soon after the answer is filed").  To do so would be a waste of resources, as

Lawrence's claims are subject to dismissal for lack of personal jurisdiction, improper venue, and

failure to state a claim.  *See* Mem. of Law in Supp. of Def.'s Mot. to Dismiss ("MTD Mem.,"

Dkt. 8-1); Reply in Supp. of Def.'s Mot. to Dismiss ("MTD Reply," Dkt. 12).[1]

2.     Lawrence already requested leave to take jurisdictional discovery in her

Opposition to DOAR's Motion to Dismiss (Dkt. 9 at 5-6), and the Court has not yet ruled on that

request.[2]  There is no need to burden the Court with a separate, and entirely premature, Motion to

Compel.

3.     Lawrence is not entitled to jurisdictional discovery because her request is "clearly

frivolous" – she has not pointed to any "factual allegations that suggest with reasonable

particularity the possible existence of the requisite contacts" between DOAR and Pennsylvania

to establish personal jurisdiction.  MTD Mem. at 10 (quoting *Lasala v. Marfin Popular Bank*

*Pub. Co.*, 410 F. App'x 474, 478 (3d Cir. 2011)); *see also* MTD Reply at 3-4.  Nothing in her

Motion to Compel cures that deficiency.

4.     Lawrence's proposed jurisdictional discovery would not establish general

jurisdiction.  For general jurisdiction, Lawrence must demonstrate not only that DOAR does

business in Pennsylvania, but that its contacts are so "continuous and systematic" as to render it

"essentially at home" here.  MTD Mem. at 5-6 (quoting *Daimler AG v. Bauman*, 571 U.S. 117,

127 (2014)).  Typically, the only states where a corporate defendant will be "at home" are its

place of incorporation and its principal place of business.  MTD Mem. at 6 (citing *Malik v. Cabot*

*Oil & Gas Corp.*, 710 F. App'x 561, 564 (3d Cir. 2017)).  DOAR has already demonstrated that

---

[1] Lawrence further flouted the Rules by failing to confer with DOAR about the discovery before
seeking the Court's intervention.  *See* Fed. R. Civ. P. 37(a); Local R. Civ. P. 26.1(f).

[2] The Motion to Compel's reference to "the Court's order on the Motions to Dismiss," Mot. at 2,
is therefore puzzling.  The Court has issued only two orders relating to DOAR's pending Motion
to Dismiss: one staying DOAR's deadlines to file Rule 12(b)(6) and anti-SLAPP motions
pending resolution of its Motion to Dismiss on personal jurisdiction and venue grounds (Dkt. 7),
and the other granting DOAR's motion for leave to file a reply brief (Dkt. 11).  Neither order
gives Lawrence the right to take jurisdictional discovery at this time.

New York, not Pennsylvania, is its place of incorporation and principal place of business, and that it has no presence in Pennsylvania. *See* Decl. of Paul Neale in Supp. of Mot. to Dismiss ("Neale Decl.," Dkt. 8-7) ¶¶ 3-10. In her Motion to Compel, Lawrence nonetheless asserts that she "is entitled to seek discovery regarding DOAR's business in Pennsylvania," without any explanation of what she believes she might find to establish general jurisdiction. Mot. at 2. That is not sufficient; it is clear that permitting discovery into DOAR's (nonexistent) business in Pennsylvania would be futile.

5.     Lawrence's proposed discovery also cannot establish specific jurisdiction. For specific jurisdiction, Lawrence must point to "suit-related conduct" by DOAR that "create[s] a substantial connection with" Pennsylvania. MTD Mem. at 7-8 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). As DOAR showed in its Motion to Dismiss, there is *no* connection – much less a substantial one – between Pennsylvania and the specific claims at issue, which arise from DOAR's work in New York for impeachment proceedings in Washington, D.C., relating to a resident of Nevada. Lawrence now argues in her Motion to Compel that DOAR's "intent was to defame her everywhere in the United States including in Pennsylvania," and states that she "seeks to prove in discovery" DOAR's "past intentional efforts directed at influencing people of the Commonwealth." Mot. at 2. Such evidence, even if it existed, would not help Lawrence to prove that the conduct at issue in this case was connected to Pennsylvania, that she "felt the brunt of the harm" in Pennsylvania, or that DOAR "expressly aimed" its suit-related conduct here. MTD Mem. at 9 (quoting *Marten v. Godwin,* 499 F.3d 290, 297 (3d Cir. 1997)); *see also* MTD Reply at 3.

6.     DOAR's CEO has already provided a declaration establishing that DOAR's contacts with the Commonwealth over the past five years have been extremely limited and

wholly unrelated to the impeachment proceedings or the alleged tortious conduct.  *See generally* Neale Decl.  Lawrence's assertion that she "does not believe" DOAR, Mot. at 3, without any countering facts, is not enough to permit her to take broad, harassing discovery from DOAR that is irrelevant to the personal jurisdiction analysis.  *See* MTD Mem. at 5-6; MTD Reply at 2-3.  As the Third Circuit has explained, "jurisdictional discovery is not available merely because the plaintiff requests it."  *Malik*, 710 F. App'x at 565.  Lawrence's "optimistic hope that [she] will uncover some conduct directed to Pennsylvania" does not require the Court to permit such a fishing expedition.  *Aardvark Event Logistics, Inc. v. Bobcar Media LLC*, 2017 U.S. Dist. LEXIS 1281, at *20 (E.D. Pa. Jan. 5, 2017).

7.      Finally, to the extent that the Court is inclined to grant Lawrence leave to take jurisdictional discovery, DOAR should be given an opportunity to respond to the discovery requests in full prior to a ruling on this Motion, so that the Court may consider DOAR's specific objections to each request.

WHEREFORE, DOAR respectfully requests that the Court deny Lawrence's Motion to Compel and award to DOAR its reasonable expenses incurred in opposing the Motion.  *See* Fed. R. Civ. P. 37(a)(5)(B).

Dated: December 9, 2021            Respectfully submitted,

                                   BALLARD SPAHR LLP

                                   By:    */s/ Elizabeth Seidlin-Bernstein*
                                          Elizabeth Seidlin-Bernstein
                                          seidline@ballardspahr.com
                                          1735 Market Street, 51st Floor
                                          Philadelphia, PA 19103-7599
                                          Telephone: 215.665.8500
                                          Facsimile: 215.864.8999

                                   *Counsel for Defendant DOAR, Inc.*