IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER LYNN LAWRENCE, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 21-3269 |
| DOAR, INC., | : |
| | : |
| Defendant. | : |

## ORDER

AND NOW, this 31st day of March 2022, upon consideration of Defendant's Motion to Dismiss (ECF No. 8) and Plaintiff's Response in Opposition (ECF No. 9), **IT IS HEREBY ORDERED AND DECREED** that Defendant's Motion (ECF No. 8) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (ECF No. 13) is **DENIED AS MOOT**.[i]

BY THE COURT:

/s/ Petrese B. Tucker
Hon. Petrese B. Tucker, U.S.D.J.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jennifer Lawrence ("Plaintiff") brings this action against DOAR, Inc. ("Defendant") for Defamation, False Light Invasion of Privacy, and Unauthorized Use of Image, Name, and/or Likeness. The factual basis for this suit stems from former President Donald Trump's second Impeachment trial, in which a Post from Plaintiff's Twitter account was displayed and subsequently published. In 2021, Defendant—a firm who is incorporated and has its principal place of business in New York—was retained to consult on a "visually compelling, video-intensive trial strategy" for the Impeachment proceedings in Washington, DC. *See generally* DOAR, *The Impeachment Trial of Donald J. Trump* (last visited Mar. 31, 2022), https://www.doar.com/impeachment. Plaintiff, a private citizen who lives in Nevada, alleges that Defendant used and published an image of a Tweet of hers that stated: "We have been marching all around the country for you Mr[sic] President. Now we will bring it to DC on Jan[sic] 6 and PROUDLY stand beside you! Thank you for fighting for us @realDonaldTrump! @america1stwomen @KylieJaneKremer @AmyKremer @DustinStockton @accordingtokeri @SamAdamsTPP." However, Plaintiff contends that Defendant altered this tweet to, *inter alia*: (1) include a blue check mark, indicating that the profile is "verified"; (2) have a different profile picture of Plaintiff; and (3) display the date of the Tweet as January 3, 2020, when it was in fact posted on January 3, 2021. Pl. Compl. ¶ 8, ECF No. 1. Further, she asserts that the worldwide dissemination of this Tweet has caused her significant emotional, reputational, and economic harm. *Id.* at ¶ 20.

Defendant seeks dismissal, asserting: (1) lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); (2) improper venue under Federal Rule of Civil Procedure 12(b)(3);

2

and (3) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court grants Defendant's motion and dismisses this case accordingly.

## II. LEGAL STANDARD

### A. Rule 12(b)(2)

A federal court is authorized to dismiss a complaint, partially or in its entirety, for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a court reviews such a motion, it must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). If defendant contradicts plaintiff's allegations, the burden shifts to the plaintiff to present particular evidence in support of personal jurisdiction. *Isaacs v. Ariz. Bd. of Regents*, 608 F. App 'x 70, 74 (3d Cir. 2015) (citing *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

A federal court will look at a forum state's long-arm statute and determine if the exercise of jurisdiction violates the Fourteenth Amendment's Due Process Clause. *Isaacs*, 608 F. App 'x at 74. "Because Pennsylvania has chosen to exercise jurisdiction to the fullest extent possible, the federal due process principle of 'minimum contacts' with the forum state and the requirement that the exercise of jurisdiction comport with 'traditional notions of fair play and substantial justice' control." *Id.* (citing 42 Pa. Cons. Stat. Ann. § 5322(b); *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (internal citations omitted). "[M]inimum contacts are established when there is 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus involving the benefits and protections of its laws.'" *Isaacs*, 608 F. App 'x at 74 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Finally, when a defendant raises a Rule 12(b)(2) motion, the plaintiff bears the burden of showing that jurisdiction is proper. *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254 259 (3d Cir. 2000). "The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal quotation omitted). "Mere allegations" or "bare pleadings alone" are insufficient; rather, the plaintiff "must respond with actual proofs," such as "sworn affidavits or other competent evidence[.]" *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

### B. Rule 12(b)(3)

Except as otherwise provided by law, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

A corporation is deemed a resident "in any judicial district in which such defendant is subject to the Court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

### C. Rule 12(b)(6)

The purpose of a Rule 12(b)(6) Motion to Dismiss is to test the sufficiency of pleadings. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The touchstone of that pleading standard is

4

plausibility. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted). Facial plausibility requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* A plaintiff will not prevail if he provides only "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Instead, the plaintiff must detail "enough facts to raise a reasonable expectation that discovery will reveal evidence of 'each necessary element of the claims alleged in the complaint.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556 (2007)).

Applying the *Iqbal* and *Twombly* principles, the Third Circuit decided *Santiago v. Warminster Township*, 629 F.3d 121 (3d Cir. 2010), in which it set forth a three-part test that district courts must apply when evaluating whether allegations in complaint survive a 12(b)(6) motion to dismiss. A court must: (1) identify the elements of the claim; (2) review the complaint to strike conclusory allegations; and (3) look at the well-pleaded components of the complaint and evaluate "whether all the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). If the complaint fails to do so, the motion to dismiss will be granted.

### III. ANALYSIS

At the outset, the Court notes that, although Plaintiff did not attach the disputed Tweet to her Complaint, Defendant attached the Tweet (and a live link) as an Exhibit to its Motion. Def. Mot. to Dismiss Ex. 1, ECF No. 8-2. The Third Circuit has held that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if

5

the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Thus, the Court takes judicial notice of the previously identified tweet.

### A. Personal Jurisdiction

Personal jurisdiction may be established under general personal jurisdiction and/or specific personal jurisdiction. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Plaintiff fails to plausibly plead facts supporting either theory.

#### i. General Jurisdiction

The Court may exercise general jurisdiction over a defendant who is "at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Typically, a corporation is at home where it is incorporated and has its principal place of business. *Id.* It is "incredibly difficult" to demonstrate general jurisdiction outside of those places. *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016).

The Parties do not dispute that Defendant is incorporated and has its principal place of business in New York. Moreover, Plaintiff has not provided any evidence indicating that Defendant can be determined to be "at home" in Pennsylvania on other grounds. She simply notes that "[b]y its own admission, Defendant conducts business throughout the United States and has conducted business in Pennsylvania." Pl. Resp. in Opp. 3, ECF No. 9. However, "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 139 n.20. Without more, the Court may not exercise general personal jurisdiction over the Defendant.

#### ii. Specific Jurisdiction

Specific jurisdiction is established when a party directs its conduct to the forum state and the Plaintiff's claims stem from such conduct. *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129-30 (3d Cir. 2020). "To demonstrate that specific personal jurisdiction extends to a nonresident defendant who allegedly committed an intentional tort outside the forum state, a plaintiff must show that: (1) [t]he defendant committed an intentional tort; (2) [t]he plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and] (3) [t]he defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." *Gorman v. Shpetrik*, No. CV 20-4759, 2022 WL 717075, at *3 (E.D. Pa. Mar. 10, 2022). A court may only consider the former two elements when the "expressly aimed" element is met. *Marten v. Godwin*, 499 F.3d 290, 297–98 (3d Cir. 2007). Establishing the "expressly aimed" element requires a plaintiff to show that "the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum," and point to specific actions indicating that the defendant targeted its tortious conduct at the forum. *Id.* at 298 (citing *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 266 (3d Cir.1998)).

Here, Plaintiff fails to allege facts supporting her assertion that the Court may exercise specific personal jurisdiction with regard to her three claims. Ultimately, Defendant's alleged tortious conduct—relating to Plaintiff, a Nevada resident—was executed between New York and Washington, DC. To counter, Plaintiff highlights that the allegedly fabricated Tweet "appeared on the pages of The New York Times, and was televised nationally and internationally, and specifically directed to individuals residing in each and every U.S. State, including Pennsylvania." Pl. Resp. in Opp. 4, ECF No. 9. However, specific jurisdiction concerns the *defendant's* own actions. *Walden v. Fiore*, 571 U.S. 277, 289 (2014). Here, Defendant neither

7

published nor televised the Tweet. Therefore, it has no "jurisdictionally relevant contacts" with Pennsylvania. *Id.* at 289. Further, even if it did, Plaintiff does not assert that she felt the "brunt of the harm" related to the Tweet's dissemination in Pennsylvania, as she is a Nevada resident. Because Plaintiff has not shown that Defendant expressly aimed its conduct at Pennsylvania, the Court declines to exercise specific jurisdiction over Defendant as well.

### iii. Jurisdictional Discovery

Jurisdictional discovery is impermissible where the claim for jurisdiction is "clearly frivolous"; instead, to obtain jurisdictional discovery, a plaintiff must provide factual allegations that suggest "with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state." *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 478-79 (3d Cir. 2011). Here, Plaintiff does not provide such allegations, as it is incontrovertible that this matter has no clear connection to Pennsylvania that would give rise to personal jurisdiction. Accordingly, the Court will not permit jurisdictional discovery.

### B. Venue

For the same reasons discussed above, the Court also finds that venue is improper in this District. The actions giving rise to this dispute occurred in New York and Washington, DC, and Defendant is a New York resident. Thus, the venue requirement cannot be met.

### C. Failure to State a Claim

Dissatisfied that personal jurisdiction and venue are established, the Court declines to address Defendant's immunity-based arguments pursuant to Rule 12(b)(6).

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and this suit is **DISMISSED WITH PREJUDICE.**